**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MABLE BOUIE** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-03501** |
| **HARTFORD INSURANCE CO. OF THE MIDWEST** | **SECTION: "A" (4)** |

# ORDER

On March 28, 2008, the Court granted as unopposed Hartford Insurance Company of the Midwest's Motion to Compel and for Attorneys' Fees (R. Doc. 13) filed by the Defendant, Hartford Insurance Co. of the Midwest ("Hartford"). (R. Doc. 15.) In its motion to compel, Hartford sought the award of reasonable attorney's fees associated with the motion. Consequently, the Court ordered Hartford to file a motion to fix attorney's fees into the record. (R. Doc. 15.)

Hartford subsequently filed a **Hartford Casualty Insurance Company's Motion to Enter Agreed Order on Attorney's Fees (R. Doc. 20)** and attached a declaration by Hartford's counsel, Martin R. Sadler ("Sadler"), and invoice for the services rendered by Patrick M. Kemp, Hartford's co-counsel; and Lana Elliot ("Elliot"), a paralegal. Hartford later supplemented and effectively superceded Sadler's first declaration with his amended declaration, which provided additional information regarding its fee request. (R. Doc. 23-4.) In total, Hartford seeks the recovery of $538.00 in attorney's fees. According to the materials submitted by Hartford regarding time expended on the motion, Kemp worked 3.10 hours at a rate of $160.00; and Elliott worked 0.40 hours at a rate of $105.00, for a resulting total of $538.00.

In opposition, the Plaintiff, Mable Bouie ("Bouie"), filed Plaintiff's Opposition to Attorney

Fees (R. Doc. 18). While Bouie concedes that she submitted late responses to Hartford's discovery requests, she maintains that she is a retired senior who relies on friends and relatives for transportation. She stresses that she had to search through several households to locate documents responsive to Hartford's document production requests, which exceeded forty-five (45) total. She maintains that it was difficult for her to expeditiously locate the documents because she was displaced by Hurricane Katrina, but she was in the process of answering Hartford's discovery requests at the time of the motion. Nevertheless, Bouie concedes that the award of attorney's fees is based on the customary rates in the particular locality and counsel's background, and not her financial circumstances. Therefore, Bouie asserts that the typical paralegal rate in the area is $50.00 an hour, and not $105.00, as Hartford requests. Bouie also objects to Hartford's request for time spent in conference with in-house counsel and in seeking initial disclosures, which was not a subject of Hartford's motion to compel.

## I.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488

adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**II.     Analysis**

    **A.     Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity

---

F.2d at 717-719.

of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable."  *La. Power and Light*, 50 F.3d at 328.

Here, Hartford seeks the recovery of $496.00 in attorney's fees for 3.10 hours of work by its counsel on the motion to compel, at the hourly rate of $160.00.  Additionally, Hartford also seeks compensation for 0.40 hours of paralegal work, at a rate of $105.00 an hour.  In support of the hourly rates, Hartford submits the declaration of its attorney, Sadler.

Sadler details his legal experience and his hourly rate in his declaration.  However, the Court does not consider Sadler's legal qualifications or billing rate in its ruling here, because Sadler did not bill Hartford for his services in connection with this motion.  Rather, Sadler only bills for services rendered by Kemp and Elliott, even though he attests that he "personally spent more than an hour of professional services" on the motion to compel.  (R. Doc. 23-4, p. 2.)  Therefore, based on the final amount billed, the Court only analyzes the information in Sadler's declaration as pertaining to Kemp and Elliott.

According to Sadler's amended declaration, Kemp is an attorney associated with Martin, Disiere, Jefferson & Wisdom, LLP, and has been practicing first-party insurance and bad faith

litigation for approximately four (4) years.  (R. Doc. 23-4, p. 1.)  Sadler attests that Kemp charges an hourly rate of $160.00 and expended 3.10 hours on the motion to compel.  (R. Doc. 23-4, p. 1.)  Sadler also declares that Elliott is a practicing paralegal at the same firm, where she has practiced for eight (8) years, and has worked in first-party insurance litigation for four (4) years.  (R. Doc. 23-4, p. 1.)  Sadler asserts that Elliott charges an hourly rate of $105.00 and performed 0.40 hours of work on the motion to compel.  (R. Doc. 23-4, p. 1.)

Other than Sadler's declarations and the invoice for counsel's services, Hartford provides no information regarding the rates actually billed and paid in similar lawsuits.  Furthermore, Sadler does not provide the Court with any additional information regarding Kemp's legal qualifications and memberships or the law school from which he graduated.  Rather, Sadler merely provides the Court with Kemp's total years of practice in first-party insurance litigation and Elliott's total years as a paralegal.

After considering Kemp's approximate four (4) years of legal experience and rate of $160.00, the Court finds that his rate is above the range of the prevailing market rates previously found by this Court and by other courts in this District.  *See Battiste v. Allstate Ins.Co.*, Civ. A. 07-8790, 2008 WL 2787468, at *2 (E.D. La. Jul. 16, 2008) (Roby, J.) (awarding an hourly rate of $150.00 to a lawyer with eighteen (18) years of legal experience); *Davis v. American Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rates of $125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metropolitan Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with

eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).  However, Kemp's rate of $160.00 an hour is uncontested by Bouie.  Therefore, the rate sought for Sadler's legal representation for the subject motion is *prima facie* reasonable.  *See La. Power and Light*, 50 F.3d at 328.  Accordingly, the Court concludes that a rate of $160.00 is appropriate for Kemp's work on the motion.

As for Elliott's work on the motion, the Court looks to case law regarding the hourly rates awarded for paralegal work.  Hartford requests an hourly rate of $105.00 for Elliott's paralegal services.  However, Bouie contends that the typical paralegal rate for the area is $50.00 per hour, "according to mysalary.com."  (R. Doc. 18, p. 1.)

After reviewing the prevailing market rates for paralegal work in this district, the Court finds that an hourly paralegal rate of $105.00 for work on a standard motion to compel is excessive.  The Court concludes that an hourly rate of $65.00 is reasonable for Elliott's work on this procedurally simple motion to compel.  *See Prime Ins. Syndicate, Inc. v. Jefferson*, 547 F.Supp.2d 568, 579 (E.D. La. 2008) (Roby, J.) (reasoning that an hourly rate of $67.50 was reasonable for paralegal work in contract litigation); *see also Combe v. Life Ins. Co. of N. Am.*, Civ. A. 06-8909, 2008 WL 544547, at * 3 (E.D. La. Feb. 27, 2008) (concluding that an hourly rate of $70.00 for paralegal work in ERISA litigation is reasonable and in accord with prevailing market rates in the district); *Kodrin v. State Farm Ins. Co.*, Civ. A. 06-8180, 2008 WL 294552, at *4 (E.D. La. Jan. 31, 2008) (finding that a hourly rate of $90.00 for paralegal work to be reasonable for work in the litigation, and therefore, reducing the $100.00 hourly rate requested by the plaintiffs); *Chieftain Int'l (U.S.) v. Denny*

*Offshore Exploration, Inc.*, Civ. A. 03-1346, 2008 WL 977356, at *4 (E.D. La. Jan. 25, 2008) (reasoning that an hourly rate of $75.00 is consistent with paralegal market rates in New Orleans for the breach of contract litigation); *Speaks v. Kruse*, Civ. A. 04-1952, 2006 WL 3388480, at *4 (E.D. La. Nov. 20, 2006) (noting that reasonable and appropriate hourly paralegal rates in the district ranged from $50.00 to $75.00, and thus, $65.00, $70.00, and $75.00, for work in 2004, 2005, and 2006, respectively, is appropriate).

In sum, after reviewing the prevailing market rates for legal and paralegal services in this area, the Court concludes that hourly rates of $160.00 for Kemp and $65.00 for Elliott are appropriate and reasonable in this matter.

### B. <u>Determining the Reasonable Hours Expended</u>

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the*

*Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Sadler indicates that he personally rendered more than an hour of professional services in (1) reviewing and directing the work of Kemp and Elliott for the motion to compel and (2) preparing his declaration for the subject motion to fix attorney's fees. Sadler maintains, however, that he did not bill the client for his time, to keep costs low and minimize the requested fees. While Sadler indicates that he exercised billing judgment, the Court also conducts a line-by-line analysis of the billing statement, to determine the reasonableness of Hartford's requested fees.

Here, Bouie contends that the number of billed hours is excessive. Particularly, Bouie challenges the entries requesting fees for work on (1) allegedly incomplete or deficient initial disclosures and (2) inter-office communications with in-house counsel. Bouie maintains that Hartford's earlier motion to compel only pertained to discovery responses, and not initial disclosures, and therefore, Hartford cannot request payment on such activities. Bouie also indicates that she believes that the ABA Guidelines preclude fee requests for internal communications. The Court considers Bouie's arguments below.

      **1.**      <u>**Entries Regarding Responses to Initial Disclosures**</u>

In the billing invoice, Hartford indicates that on January 2, 2008 and February 2, 2008, its counsel spent 0.20 hours drafting a letter regarding deficient initial disclosures and its paralegal, Elliott, communicated with counsel regarding the incomplete initial disclosures for 0.20 hours. (R. Doc. 23-4, p. 3.) Bouie challenges these entries, maintaining that Hartford's "motion to compel was specifically targeted towards the failure to comply with the formal discovery requests," and not initial disclosures (R. Doc. 18, p. 2.) The Court disagrees. In Hartford's motion to compel, Hartford requested that Bouie supply it with her computation of damages "pursuant to Rule

26(a)(1)(A)(iii)," which is the Federal Rule of Civil Procedure governing initial disclosures. (R. Doc. 13-2, p. 1.) Furthermore, in the Court's Order (R. Doc. 1), the Court referenced Hartford's request for the computation of damages. Therefore, the Court rejects Bouie's argument, and finds that Hartford is entitled to fees regarding Bouie's allegedly deficient initial disclosures.

### 2. **Ambiguous Entries**

On February 7 and 22, 2008, Elliott allegedly spent 0.40 total hours communicating with counsel regarding Bouie's incomplete initial disclosures and outstanding discovery responses. (R. Doc. 23-4, p. 3.) It is unclear from the vaguely worded fee entries as to how a paralegal's communications with counsel would assist in the bringing of a standard motion to compel. The fee entries do not indicate that Elliott performed legal research, obtained files, or drafted materials for counsel to advance the motion. Rather, the entries merely state that Elliott "[c]ommunicate[d] with counsel." (R. Doc. 23-4, p. 3.)

Similarly, on February 25, 2008, Kemp purportedly expended 0.10 hours "[c]ommunicat[ing] via e-mail with M. Spadoni regarding [a] letter to counsel." (R. Doc. 23-4, p. 3.) Hartford does not elaborate on the unknown identity of "M. Spadoni," or his or her relevance to this action. Furthermore, there is no "M. Spadoni" listed as counsel on the docket sheet. Finally, it is unclear to whom the aforementioned "letter to counsel" was directed–either opposing counsel, or co-counsel–and how or whether it is even relevant to Hartford's motion to compel.

In light of the significant ambiguities in the entries from February 7, 22, and 25, the Court strikes these entries. Therefore, the Court subtracts the 0.40 hours expended by Elliott and 0.10 hours for work by Kemp from Hartford's requested total.

### 3. Excessive Entries

Next, the Court looks at the multiple entries in March 11, 2008, which indicate that Kemp spent 0.40 total hours analyzing and communicating via "multiple e-mails" and "exchange correspondence" with "New Orleans counsel" regarding the scheduling of the discovery conference for the motion to compel. (R. Doc. 23-4, p. 3.) Bouie contends that these entries, and the entries on March 10 and 13, 2008 should be stricken because she "believe[s]" that the ABA Guidelines do not allow recovery for interoffice communications. (R. Doc. 18, p. 2.) However, Bouie provides no law to this effect and does not cite to the relevant ABA Guidelines. Consistent with the Court's previous decisions and authoritative case law, the Court concludes that attorneys are entitled to recover the fees incurred in performing valid legal work, including conferring with co-counsel. *See Le and Mui, Family Med.*, 2007 WL 4547491.

Nevertheless, the Court finds the entries on March 11, 2008 to be excessive because an attorney should not have to exchange "multiple e-mails" to schedule a date for a conference. Rather, such scheduling may be completed in minutes through a direct phone call. The Court finds that 0.10 hours is sufficient for Kemp to schedule a discovery conference, and therefore, deducts 0.30 hours from Kemp's March 11, 2008 entries.

After conducting a line-by-line analysis of the remainder of Hartford's billing invoice, the Court concludes that the rest of the time reported was reasonably expended, and not excessive. Therefore, the Court awards Hartford fees for a total of 2.70 hours for Kemp's time spent on the above-mentioned motions and associated parts.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar

upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar. While the Court notes Bouie's condition and her efforts in obtaining discovery, Therefore, the Court awards Hartford a total of $432.00 for 2.70 hours of work performed on the motion by Sadler.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that Hartford's **Motion to Fix Attorney Fees (R. Doc. 10)** is **GRANTED**. The Court finds that a total fee of **$432.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Bouie satisfy her obligation to Hartford no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 12th day of August 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**